```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE WESTERN DISTRICT OF TENNESSEE
                         WESTERN DIVISION
```

_____

RON HANCOCK SR.,

      Plaintiff,

vs.                                            No. 05-2949-Ml/V

TENNESSEE DEPARTMENT OF
HUMAN SERVICES, et al.,

      Defendants.

_____

```
                        ORDER OF DISMISSAL
                               AND
          ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
```
_____

Plaintiff, Ron Hancock Sr., a resident of Memphis, filed this pro se complaint against the Tennessee Department of Human Services ("DHS") and Memphis Shelby County Juvenile Court ("Juvenile Court"). He paid the filing fee. The Clerk shall not issue process or serve any papers in this case.

Hancock alleges that during the years 1971 and 1989 he was falsely accused of paternity in two separate Memphis Shelby County Juvenile Court proceedings. He contends that the proceedings have been unfair. He alleges that he has "proof of evidence and documents to be submitted in court." He seeks "truth and justice." Hancock has attached a collection of documents to his complaint which include portions of orders entered in administrative and state court proceedings, calculations of arrearages, and a summons for contempt dated December 2, 2005.

A suit against the DHS and Juvenile Court is a suit against the State of Tennessee. Any claims against the State of Tennessee

are barred by sovereign immunity.  Absent a clear abrogation of immunity by congressional action or an express state waiver of that immunity, the Eleventh Amendment prohibits suits against a state in federal court.  Kentucky v. Graham, 473 U.S. 159, 165-66 (1985); Pennhurst State Schl. & Hosp. v. Halderman, 465 U.S. 89, 98-100 (1984); Quern v. Jordan, 440 U.S. 332 (1979).  A state is not a person within the meaning of 42 U.S.C. § 1983.  Will v. Michigan, 491 U.S. 58, 71 (1989).  Even to the extent that a suit seeks only injunctive relief against the State, the Eleventh Amendment bars the action.  Idaho v. Coeur D'Alene Tribe of Idaho, 521 U.S. 261, 283-84 (1997).

Hancock's claims arise from the state court child paternity and child support proceedings.  Plaintiff may not attack the state court domestic proceedings or judgment in a collateral proceeding in federal court.  This would amount to obtaining review in this court of the decision of a Tennessee court.  Any claim arising from the manner in which those proceedings were litigated should have been presented in that forum.

> United States district courts . . . do not have jurisdiction[]over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.  Review of those decisions may be had only in this [the United States Supreme] Court.  28 U.S.C. § 1257.

District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983); see also Rooker v. Fidelity Trust Co., 263 U.S. 413, 416 (1923)(federal district courts lack jurisdiction to review or modify a judgment of a state's highest court).  In short, "[l]ower federal courts possess no power whatever to sit in direct review of

state court decisions." Cleveland Surgi-Center v. Jones, 2 F.3d 686, 691 (6th Cir. 1993).  Similarly, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Haggard v. State of Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970) (citations omitted).

To the extent that the state courts still have jurisdiction over any aspect of plaintiff's paternity and child support dispute, this court cannot interfere in the exercise of the state court's jurisdiction over those domestic relations issues.  See, e.g., Mann v. Conlin, 22 F.3d 100, 105-06 (6th Cir. 1994); Hooks v. Hooks, 771 F.2d 935, 942 (6th Cir. 1985); Firestone v. Cleveland Trust Co., 654 F.2d 1212, 1215 (6th Cir. 1981); Parker v. Turner, 626 F.2d 1, 4 (6th Cir. 1980).  The state court is the proper forum for Hancock to air and litigate any defenses to paternity and to the accumulated arrearages.  Thus, this Court must abstain from exercising any jurisdiction over claims for relief which arise from the state court proceedings and decrees.

Under Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999), a district court should dismiss a paid complaint for want of subject matter jurisdiction if the claims are "frivolous, attenuated, or unsubstantial." See Hagans v. Lavine, 415 U.S. 528, 536-37 (1974). Hancock's contentions are legally frivolous in this Court because they are either based on an "indisputably meritless legal theory" or are "claims whose factual contentions are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Plaintiff's claims are,

therefore, inadequate to invoke this Court's subject matter jurisdiction. Accordingly, the complaint is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3). Hagans, 415 U.S. at 536-37; Apple, 183 F.3d at 479.

Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith. The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case as devoid of subject matter jurisdiction also compel the conclusion that an appeal would be devoid of subject matter jurisdiction and would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal in forma pauperis.

The Sixth Circuit Court of Appeals decisions in McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), and Floyd v. United States Postal Service, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case. If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[1] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

---

[1] The fee for docketing an appeal is $250. See Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal.  If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[2] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal.  If the appeal is dismissed, it will not be reinstated once the fee is paid.  McGore, 114 F.3d at 610.

IT IS SO ORDERED this 17th day of January, 2006.

/s/ Jon P. McCalla
JON PHIPPS MCCALLA
UNITED STATES DISTRICT JUDGE

---

[2] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline.  McGore, 114 F.3d at 610.